# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
## November 22, 2013 Session

## IN RE ESTATE OF CHARLES W. MCGINNIS

**Appeal from the Circuit Court for Davidson County**
**No. 03P426      David Randall Kennedy, Judge**

---

**No. M2013-00584-COA-R3-CV - Filed December 17, 2013**

---

George E. Copple, Jr., and Suzette Peyton, attorneys who represented the administrator of the decedent's probate estate, appeal from an order of the trial court holding them personally liable for expenses incurred by a non-party in responding to a subpoena *duces tecum*. One year after the subpoena was issued and the expenses were incurred by non-party Merrill Lynch, Pierce, Fenner & Smith, Inc., to comply with the subpoena, the attorneys for the administrator of the estate filed a motion to withdraw. Merrill Lynch did not object to the motion to withdraw, but did file a response requesting that its expenses to comply with the subpoena be assessed against the attorneys personally. The trial court granted leave to withdraw; however, the court did not relieve the attorneys as sureties for "costs to date including and limited to $776.00 incurred by Merrill Lynch in the reproduction of materials produced by Merrill Lynch to counsel for the Administrator." In its order, the trial court stated that its ruling was based upon the record as a whole, including, but not limited to, Tennessee Rule of Civil Procedure 45. No other authority was cited in the order. The attorneys appeal. Being unable to identify any authority upon which to hold the attorneys personally liable for the expense of a non-party to comply with a subpoena *duces tecum*, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Suzette Peyton, Brentwood, Tennessee, appellant, Pro Se.

George E. Copple, Jr., Nashville, Tennessee, appellant, Pro Se.

David C. Higney, Chattanooga, Tennessee, for the appellee, Merrill Lynch, Pierce, Fenner & Smith, Inc.

**OPINION**

This appeal arises from the administration of a decedent's estate; more specifically, the third time the estate had been opened. The decedent, Charles W. McGinnis, died in 2002. His probate estate was first opened in 2003, and it was administered and properly closed in 2004. A few months later, after finding that assets remained in the decedent's account with Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), the estate was re-opened. In 2006, the estate was again closed.

Five years later, William Eugene McGinnis, II, a grandson of Charles W. McGinnis, retained attorneys Suzette Peyton and George E. Copple, Jr., to re-open the estate. On June 17, 2011, attorneys Peyton and Copple filed a petition, on behalf of petitioner, to re-open the estate alleging that petitioner had discovered documents indicating the decedent died while possessing property that was not included in the prior estates. Specifically, petitioner pointed to assets allegedly held by Merrill Lynch and believed to have a value in excess of $250,000. The court granted the petition and appointed the petitioner, William Eugene McGinnis, II ("Mr. McGinnis"), administrator of the estate; attorneys Peyton and Copple commenced representation of Mr. McGinnis in his capacity as the administrator of the estate.

Attorneys Peyton and Copple ("the administrator's attorneys"), acting on behalf of the administrator, caused a subpoena *duces tecum* to be issued and served on George McReynolds, an employee of Merrill Lynch, who served as a financial advisor for the decedent. The subpoena, which was issued on June 22, 2011, and served along with a Notice of Deposition Duces Tecum, requested a vast array of financial information and documents spanning several years before and after the decedent's death that related not only to the decedent, but also the decedent's wife and son; both of whom were deceased at the time the subpoena was issued.

Due to the large amount of information requested, and after multiple attempts to clarify the scope of the request and obtain the appropriate releases, the subpoenaed documents had yet to be received after several months.[1] The administrator subsequently filed a motion to enforce the subpoena. Merrill Lynch filed an opposition to the motion stating that it had never refused to provide information pertinent to the decedent, but that the scope of the request was overly broad; that it could include privileged information, such as attorney-client communications; and that the subpoena erroneously sought to discover the confidential information of the decedent's now deceased wife and now deceased son, for which no releases had been provided. Merrill Lynch also offered to produce the appropriate

---

[1]This was due in part to the administrator's attorneys failure to provide releases and clarification of the scope of discovery requested by Merrill Lynch months earlier.

information on a compact disc subject to the entry of a Confidentiality Agreement/Protective Order Merrill Lynch submitted along with its response.

Following a hearing on the motion, and pursuant to an order entered on June 25, 2012, the court granted in part and denied in part the administrator's motion to enforce the subpoena. The court ordered the production of documents pertaining to the decedent prior to his death and some thereafter, and also ordered the production of some of the requested documents that pertained to the decedent's deceased widow. The court denied the request to obtain information concerning the decedent's deceased son. Thereafter, Merrill Lynch timely produced the documents as ordered by the court.

One month later, on July 27, 2012, the administrator's attorneys filed a Motion to Withdraw as counsel for the administrator and to be released from any liability for costs. Merrill Lynch did not oppose the motion to withdraw; however, it did file several subsequent motions asking the court to address the issue of the expenses it incurred to research and identify the information requested, to copy the documents onto a CD, and to ship the documents. Merrill Lynch also contended it previously notified the administrator's attorneys of the potential costs in retrieving and providing the information and that the administrator's attorneys never expressed an objection about the anticipated costs.[2] These costs were subsequently detailed as follows:

| **Description** | **Amount** |
| --- | --- |
| $6.00 per UPS x 3 | $18 |
| $4.00 per CD x 2 | $8 |
| $75/hour research x 10 | $750 |
| | |
| **TOTAL** | **$776** |

The motion to withdraw was heard on August 17, 2012. In an order entered on September 4, 2012, the court granted attorneys Peyton and Copple leave to withdraw; however, it ordered that "[they were] not relieved as sureties for costs to date." Before this order was entered, Merrill Lynch filed a Motion for Enforcement of Agreed Order, or in the Alternative, for Entry of Order, on August 24, 2012. In support of the motion, it provided several exhibits identifying emails and drafts of an Agreed Order between the administrator's

---

[2] Merrill Lynch points to email communications in which Merrill Lynch notified the administrator's attorneys that costs in retrieving the requested information might exceed $500.00. Moreover, Merrill Lynch contends that liability for these expenses had been raised at previous hearings, without objection.

attorneys and counsel for Merrill Lynch suggesting that they consented to an agreed order that did not relieve the administrator's attorneys of accrued liabilities or as sureties for costs to date. In addition, after the court entered the September 4, 2012 order, Merrill Lynch timely filed a Motion to Set Aside Order or, Alternatively, to Alter/Amend and/or Reconsider, relying on the same emails and drafts of an Agreed Order that were previously presented in its earlier motion.

In an order entered on November 14, 2012, the trial court found that the emails did not establish an agreement by which the administrator's attorneys could be personally obligated to pay the expenses at issue.[3] As for the motion to withdraw and "costs to date," the court granted leave to withdraw; however, it ordered that "the withdrawing attorneys are not relieved as sureties or for costs to date including and limited to $776.00 incurred by Merrill Lynch in the reproduction of materials produced by Merrill Lynch to counsel for the Administrator." In its order, the trial court expressly stated that it relied on "the record as a whole in this matter, including, but not limited to, Tennessee Rule of Civil Procedure 45." Subsequently, attorneys Peyton and Copple filed a Motion to Alter or Amend, and, after a hearing, the trial court made its November 14, 2012 order final on January 22, 2013. This appeal followed.

The issue presented by attorneys Peyton and Copple is whether the trial court had the authority to award a monetary judgment against "the non-party attorneys" for the administrator of a probate estate for expenses incurred by a non-party witness in complying with a subpoena *duces tecum*.[4] The issue as framed by Merrill Lynch is whether the trial court had the authority to order the attorneys, who issued the subpoena *duces tecum* to a non-party, to bear some cost responsibility for the non-party's expenses of complying with the subpoena.

**ANALYSIS**

Before we analyze the issue before us, it is important to recognize what is not at issue. Although the parties to this appeal principally rely on rules of procedure and case law that pertain to sanctions for discovery abuses, and the assessment of court costs and discretionary costs, the monetary assessment at issue in this appeal does not pertain to *court costs*, which

---

[3]Merrill Lynch does not appeal this ruling; therefore, we will not address it here.

[4]Although not identified as an issue presented for review, attorneys Peyton and Copple also contend their due process rights under the Fifth and Fourteenth Amendments were violated; that the trial court lacked personal and subject matter jurisdiction; and that there was no agreed order between attorneys Peyton and Copple and Merrill Lynch. Our ruling in this matter renders these arguments moot; thus, they need not be considered.

are assessed pursuant to Tennessee Rule of Civil Procedure 54.04(1), *discretionary costs*, which are assessed pursuant to Tennessee Rule of Civil Procedure 54.04(2), or *sanctions* imposed against attorneys pursuant to Tennessee Rule of Civil Procedure 11.03.

What is at issue in this appeal is whether the trial court has the authority to assess the *expenses* incurred by a non-party to comply with a subpoena *duces tecum* against attorneys for a represented party. The only authority cited by the trial court in assessing these expenses against the administrator's attorneys is Tennessee Rule of Civil Procedure 45; thus, we shall begin our analysis there.

## I.  TENNESSEE RULE OF CIVIL PROCEDURE 45

Tennessee Rule of Civil Procedure 45.01 specifies that "[e]very subpoena shall be issued by the clerk, shall state the name of the court and the title of the action, and shall command each person to whom it is directed to attend and give testimony at the time and place and for the party therein specified." The procedure requires that the clerk "shall issue a subpoena or a subpoena for the production of documentary evidence, signed but otherwise in blank, to a party requesting it, who shall fill it in before service." Tenn. R. Civ. P. 45.01 (2013). Tennessee Rule of Civil Procedure 45.02 specifies the manner by which to use a subpoena to "command a person to produce and permit inspection, copying, testing, or sampling of designated books, papers, documents, electronically stored information, or tangible things, or inspection of premises with or without commanding the person to appear in person at the place of production or inspection." It also specifies the manner in which the subpoena is to be complied with when appearance is not required. Tenn. R. Civ. P. 45.02 (2010). Further, Rule 45.02 specifies that an "*order of the court requiring compliance with a subpoena issued under this rule must provide protection to a person that is neither a party nor a party's officer from undue burden or expense resulting from compliance.*" *Id.* (Emphasis added).

In 2012, prior to amendments that took effect July 1, 2013, Tennessee Rule of Civil Procedure 45.07 afforded the trial court the option to: "(1) quash or modify the subpoena if it is unreasonable and oppressive; or (2) *condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable costs* of producing the books, papers, documents, electronically stored information, or tangible things."[5] (Emphasis added).

---

[5]The subpoena was issued in 2011, and the trial court's rulings on the subpoena and assessment of expenses occurred in 2012; thus, Rule 45.07, as it read in 2012, applies. In 2012, Rule 45.07 required the person or party subpoenaed to file a motion to quash or modify, which obviated the need for compliance with the subpoena pending further court order; nevertheless, the rule expressly stated that,

Merrill Lynch notified the administrator, through his attorneys, of its objection to producing some of the documents requested; however, Merrill Lynch did not object to producing any documents. It objected to the scope of the request and further required appropriate releases before the confidential information could be provided; particularly due to the fact that some of the requested documents were assets and confidential information of persons other than the decedent; specifically, the decedent's deceased widow and deceased son. After several months of intermittent communications that failed to resolve their differences, the administrator's attorneys filed a motion to compel the production of the requested documents.

The administrator's motion to compel notwithstanding, Merrill Lynch had the option, pursuant to Rule 45.07, as it read in 2012, to ask the trial court to either quash or modify the subpoena if it is unreasonable and oppressive; or *condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable costs* of complying with the subpoena. Thus, Merrill Lynch, by the rule, had the option to ask the court to require the administrator, Mr. McGinnis, *upon whose behalf the subpoena was issued*, to advance the reasonable costs of producing the requested documents. Although it repeatedly asked, via email, for assurances from attorneys Peyton and Copple that the expenses would ultimately be paid, Merrill Lynch did not exercise its option to ask the court to require the administrator to *advance* the expenses as Rule 45.07 allowed.

Having examined Rule 45 and the subsections in effect in 2012 in detail, we find no authority for the trial court to assess the expenses incurred by a non-party to comply with a subpoena against an attorney for a party. Moreover, we have concluded that the only financial protection the rule in effect in 2012 afforded a non-party witness was to object to the scope of discovery and/or to demand, as Rule 45.07 then provided, that the reasonable

_____

"The failure to file a motion within the time period specified herein waives all objections to the subpoena except the right to seek the reasonable costs for producing books, papers, documents, electronically stored information, or tangible things." Tenn. R. Civ. P. 45.07 (2012). Rule 45.07 was amended effective July 1, 2013, and subsection (2) now affords a non-party witness the option, within twenty-one days of service, to object to the subpoena, in whole or in part, by submitting a letter addressed to the attorney for the party serving the subpoena, as distinguished from filing a motion with the court as previously required. Tenn. R. Civ. P. 45.07(2) (2013). If an objection is made or the subpoena is not complied with, the party serving the subpoena may move for an order "compelling testimony, production or inspection." Tenn. R. Civ. P. 45.07(3) (2013). Upon motion of the party or non-party witness, the court may: "(1) grant the motion to compel testimony or production or inspection, or modify the subpoena if it is unreasonable and oppressive; or (2) *condition the grant of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable costs* of producing the books, papers, documents, electronically stored information, or tangible things." Tenn. R. Civ. P. 45.07(4) (2013) (emphasis added).

-6-

expenses of producing the documents be advanced by *the person in whose behalf the subpoena is issued*, which, in this case, would be the administrator, Mr. McGinnis, and not his attorneys.

Tennessee Rule of Civil Procedure 45.08, which pertains to the party or non-party responding to a subpoena and was not amended in 2013, additionally provides for financial protection in certain circumstances. Specifically, subsection (D) states that a "person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost." Tenn. R. Civ. P. 45.08(D) (2009). The rule goes on to provide:

> On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause. *The court may specify conditions for the discovery including, but not limited to the allocation of costs pursuant to the guidelines in Rule 26.06.*

*Id*. (emphasis added).

Tennessee Rule of Civil Procedure 26.06, which authorizes discovery conferences and other options to resolve discovery disputes, affords the trial court the discretion to *shift discovery costs to the requesting party* or the sharing of discovery costs between the requesting and responding party "when electronically stored information sought is not reasonably accessible information and when restoration and production of responsive electronically stored information from a small sample of the requested electronically stored information would not be sufficient." Tenn. R. Civ. P. 26.06(6) (2009). The rule goes on to provide that when these conditions are present, the judge should consider the following factors in determining whether any or all discovery costs should be borne by the requesting party:

> [T]he extent to which the request is specifically tailored to discover relevant information; the availability of such information from other sources; the total cost of production compared to the amount in controversy; the total cost of production compared to the resources available to each party; the relative ability of each party to control costs and its incentive to do so; the importance of the issues at stake in the litigation; and the relative benefits of obtaining the information.

*Id.* The rule does not, however, afford the trial court the discretion to shift the discovery costs to the *attorneys* for the requesting party; it only affords the court the discretion to shift the costs to the requesting *party. Id.*

Based upon the foregoing, we have concluded that Rule 45 does not provide authority for the trial court to assess the expenses of responding to the subpoena *duces tecum* against the attorneys for the administrator, meaning Rule 45 did not authorize, nor did it afford the trial court the discretion to assess Merrill Lynch's subpoena compliance expenses against the administrator's attorneys.

## II. AUTHORITIES RELIED UPON BY MERRILL LYNCH

In its brief, Merrill Lynch defends the trial court's order by asserting that expenses can be assessed against attorneys for a party because trial courts have broad discretionary authority to prevent the abuse of the discovery process. In furtherance of this argument, Merrill Lynch contends that Rules 26.03, 45.02 and 45.07 allow a trial court to protect a non-party from undue burden or expense resulting from compliance with a subpoena, and that this allows trial courts to hold *attorneys* accountable for such expenses.

Despite its argument, nothing in the rules identified by Merrill Lynch makes a party's *attorneys* responsible for expenses incurred by a non-party in responding to a subpoena *duces tecum*. Although the courts do have the authority to make *parties* accountable, our analysis in the foregoing section established that neither Rules 45.02, 45.07, 45.08 nor 26.06 authorize the courts to assess a non-party's subpoena related expenses against a party's *attorneys*.

We have also determined that the case law Merrill Lynch relies upon in its brief is inapplicable to the facts before us, as these cases either assessed costs or expenses against the *party*, not the attorney for a party, or they involved the imposition of *sanctions* against the party's attorney, not the assessment of subpoena related expenses.

Merrill Lynch mistakenly relies on *CNX Gas Co., LLC v. Miller Petroleum, Inc.*, No. E2009-00226-COA-R3-CV, 2011 WL 1849082 (Tenn. Ct. App. May 11, 2011) to justify the assessment of expenses against the attorneys for the administrator; however, *CNX* is not applicable because the trial court merely shifted electronic discovery costs to the *party* who requested information, not the party's attorneys. *Id.* at *11.

Merrill Lynch erroneously relies on *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198 (1999); in that case, the court imposed costs and attorney's fees against the plaintiff's attorney for *egregious discovery violations* that were in direct violation of the court's orders.

*Id*. at 200. Specifically, the judge ordered the plaintiff to make full and complete responses to defendants' requests for interrogatories and documents by a specific deadline; the plaintiff failed to heed the judge's commands by not producing the requested documents, giving incomplete responses to several of the interrogatories, and objecting to several others. *Id*. Further, the attorney flouted the judge's order that directed the witness was only to be deposed *if* the plaintiff had complied with his order to produce "full and complete" responses. *Id*. at 201. The attorney did this when she subsequently noticed the deposition of a specific witness and then refused to withdraw the notice despite reminders from defendants' counsel that doing so violated the court's order. *Id*. Since plaintiff's attorney refused to withdraw the notice of deposition, the defendants filed motions for sanctions against the attorney personally. *Id*. Following a hearing, the judge granted the motions for sanctions and found that the attorney's conduct was "egregious" and in violation of the discovery order. *Id*. Relying on Federal Rule of Civil Procedure 37(a)(4), the judge ordered the attorney for the plaintiff to pay the Hamilton County treasurer $1,494, which represented costs and attorney's fees incurred by the Hamilton County prosecuting attorney as counsel for respondent and one individual defendant. *Id*. Thus, the facts and authority upon which the sanctions were imposed in *Cunningham* are distinguishable.

Merrill Lynch also mistakenly relies on *Thompson v. Logan*, No. M2005-02379-COA-R3-CV, 2007 WL 2405130 (Tenn. Ct. App. Aug. 23, 2007), in which the trial court imposed *sanctions* on a party and his attorney for failing to cooperate with discovery. The record in *Thompson* did not include the order resolving the motion for sanctions, *id*. at *8, and the opinion did not address the legal authority upon which the discovery sanctions were imposed. The issue on appeal was simply whether the trial court abused its discretion in imposing the discovery sanctions based upon the facts presented on appeal; thus, by implication, the appellate court concluded that a legal basis existed for the imposition of sanctions. That is not the case here.

Merrill Lynch also relies on *Griffin v. Mendius*, No. W2005-01542-COA-R3-CV, 2006 WL 2136492 (Tenn. Ct. App. Aug. 2, 2006), wherein the appellate court affirmed the trial court's award of Tennessee Rule of Civil Procedure 11 *sanctions* against a party's attorney. *Id*. at *5-6 . Thus, *Griffin* is distinguishable because Rule 11 is not in play in this appeal.

The foregoing reasons considered, we have concluded the rules and case law Merrill Lynch relies upon do not give trial courts the legal authority, and thus, no discretion to hold a party's *attorney* responsible for subpoena related *expenses* incurred by a non-party.

**IN CONCLUSION**

The judgment of the trial court is reversed, the assessment of $776 against the administrator's attorneys is vacated, and this matter is remanded with costs of appeal assessed against Merrill Lynch.

_____
FRANK G. CLEMENT, JR., JUDGE